# Moyer v. Moyer

*D. Peter Johnson,* for plaintiff.
*William Koch,* for defendant.

FEUDALE, *J.,* April 12, 1988 — The issue presented for decision is whether, and to what extent, to allow pretrial discovery by wife against husband as to husband's interest in a small, closely held corporation, where husband's parents are the only shareholders.

Wife has filed a complaint for divorce, and has sought the usual ancillary economic relief. On February 20, 1987, wife filed a motion for sanctions for failure to answer interrogatories which was served on or about December 4, 1986. On March 24, 1987 husband filed some of the answers. Subsequently, wife filed a motion to compel complete answers to interrogatories relevant to husband's interest in Builder's Associates Inc. She also filed a motion for special order of discovery pursuant to Pa.R.C.P. 1920.22(b) and a motion for joinder of an interested party and/or special relief.

In his answer, husband indicated wife has all relevant economic information needed. He also responded that the legal and equitable title to all the stock in Builder's Associates Inc. is owned by defendant's parents, Charles and Margaret Moyer, and is, therefore, not discoverable.

After several continuances, at the request of both parties, the matter was heard and testimony taken on March 11, 1988.

Pa.R.C.P. 1920.22(b) provides that when claims for alimony and equitable distribution are pending in a divorce action, any party may serve any other party interrogatories limited to those claims. The practice and procedure as to said discovery shall be governed by the rules of civil procedure governing depositions and discovery.

The evidence at the hearing established that husband has been employed at Builder's Associates Inc. for 15 years. Builder's Associates Inc. is an interior design and decorating center. He was elected treasurer in 1979 and president of the board of directors in 1980. Husband's annual salary in 1973 was estimated as $8,000 and is currently $15,000 to $16,000 a year. Husband has access to the "cash bag" kept within the business with an undetermined amount of money being used for expenses such as mileage and meals. Husband also has use of a BMW automobile which was purchased by the business, allegedly in order to project the proper image of success to their upper income clientele.

Testimony and documentary evidence was also submitted indicating husband has been held out to the public as the owner of the business. Such was comprised of four separate advertisements and stories identifying husband as the owner of Builder's Associates Inc. Husband stated the advertisements

and articles were incorrect, although he did nothing to correct the allegedly false impression.

Husband's father testified he started the business in 1963 and that he is currently the vice president of the corporation. The father stated there are 102 shares of stock, with him owning 101 shares and the remaining share owned by his wife. He stated he spends some time at the place of business at least three days a week. He noted that his son was responsible for the day to day management of the business but that major decisions such as borrowing money, the purchase of real estate, etc., had to be approved by the board of directors. The father stated he was aware his son would utilize money from the "cash bag" but that he did not know the exact amounts or purpose of the expenditures. Finally, the father indicated his son spoke to him several times about the purchase of the stock but he refused to consider selling same.

Preliminarily, it is important to note the court is not making any determination as to whether any of the assets of the corporation are subject to equitable distribution or should be considered for the purpose of alimony. However, it is clear the information sought by plaintiff is material and relevant to the proceedings.

There have not been any allegations, nor does the record suggest, that discovery is being sought as a tool for harrassment, abuse or delay. It is clear the wife is not entitled as of right to discovery. However, as set forth earlier, it appears that husband is the president and primary manager of the small, closely held family corporation that is his sole source of income. The fact that he is not a shareholder under all of the circumstances is not dispositive. We consider that such a situation is one where the discovery requested is especially likely to be helpful to a just dis-

position of the matter. See *Campbell v. Campbell*, 25 D.&C. 3d 532 (1982) wherein Judge Clinton Smith of Lycoming County held financial records and federal income tax returns regarding a partnership interest acquired by one of the parties during the marriage are discoverable. Judge Smith noted the information was not privileged and was essential to the determination of alimony and equitable distribution.

Finally, counsel for defendant, in his closing remarks, made a valid point as to the confidentiality interests of the parents. It is agreed there is a right of the parties to have their personal business affairs remain private. However, such intrusion does not rise to the level of confidentiality and privilege as set forth in the case of *Beasley v. Beasley*, 359 Pa. Super. 20, 518 A.2d 545 (1986). Therein, the court precluded the review by an outsider of confidential files of an attorney for the purpose of evaluating contingent fees. Therein the court found the chilling effect of such outside review could be ameliorated by the means provided by Pa.R.C.P. 1920.22. Additionally, the court believes the primary interests of the parties can be protected by precluding wife or counsel from disclosing any information elicited relevant to Builder's Associates Inc. to anyone other than the master, or the court, without consent of all parties or approval of the court.

Accordingly, we enter the following

## ORDER

And now, April 12, 1988, it is hereby ordered and directed that:

Plaintiff, Karen L. Moyer, is hereby granted leave of the court to take discovery in the form of depositions, inspections of documents and interrogatories directed to defendant, Charles Graydon Moyer III,

and other officers or owners of Builder's Associates Inc.

Builder's Associates Inc. and its principal stockholders and officers are joined in this action as being essential to a just disposition of this matter as to the special discovery allowed in paragraph one.

Defendant, Charles Graydon Moyer III, is directed to secure and turn over or make available to plaintiff's counsel copies of corporate books, minutes of corporate meetings, tax returns, gross and net income, expense data, financial statements and time records, dating back to the year 1980.

Plaintiff, Karen L. Moyer, will be responsible for the costs of copying said documents, as well as any other related costs.

All of the information secured, relevant to Builder's Associates Inc., is not to be released or made available to anyone other than the master or court without the consent of all the parties or further order of court.